**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**

**Dated: June 08, 2009**

J. Vincent Aug, Jr.
United States Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| SENCORP, et al. ) | Case No. 09-12869 (JVA) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| | (Related Application: DN 25) |

ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN
MORRIS-ANDERSON & ASSOCIATES, LTD. AS FINANCIAL ADVISORS FOR THE
<u>DEBTORS AND DEBTORS-IN-POSSESSION</u>

("MA&A Retention FINAL order")

Upon consideration of the application[1] (the **"Application"**) of the Debtors[2] in the above-captioned Chapter 11 cases for entry of an order authorizing the Debtors to employ and retain Morris-Anderson & Associates, Ltd. (**"MA&A"**) as financial advisors for the Debtors and Debtors-in-Possession, effective as of the Petition Date, pursuant to sections 327(a) and 1107 of the Bankruptcy Code and Bankruptcy Rule 2014(a); and upon the Affidavit of David E. Mack (the **"Mack Affidavit"**); and this Court being satisfied based on the representations made in the Application and the Mack Affidavit that MA&A is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Application is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Application and opportunity for objection having been given, with no objections or requests for hearing having been filed, or all objections having been overruled, as the case may be; and it appearing that no other notice need be given; and this Court having entered the Interim Order on May 11, 2009; and after due deliberation and sufficient cause therefore, it is hereby:

    1.    ORDERED that the Application is granted as provided herein on a final basis; and it is further

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application.

[2] The Debtors in these Chapter 11 cases are: SENCORP, Senco Products, Inc., Senco Export, Inc., SenSource Global Sourcing, LLC, TyRex, LLC, Global Fastening Solutions, LLC, Agrifast, LLC, Nexicor, LLC, Omnifast, LLC, S C FINANCIAL, INC., Senco International, Inc., Sentron Medical, Inc., and Gregg Laboratories, Inc.

2. ORDERED that, in accordance with section 327(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain MA&A as their financial advisors on the terms set forth in the Engagement Letter, effective as of the Petition Date. Notwithstanding anything to the contrary in the Engagement Letter, MA&A shall not be retained to perform general investment banking services and MA&A's work in connection with the going concern sale of the Debtors' business shall be limited to (a) providing data and analysis in support of the sale process and (b) responding to and assisting with due diligence requests; and it is further

3. ORDERED that MA&A shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules and Local Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; and it is further

4. ORDERED that all requests of MA&A for payment of indemnity, contribution or otherwise pursuant to the indemnification provisions of the Engagement Letter shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, this Court to ensure that such payment conforms to the terms of the Engagement Letter, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the orders of this Court, and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall MA&A be indemnified or receive contribution to the extent that any claim or expense has resulted from the bad faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct on the part of MA&A; and it is further

5. ORDERED that in no event shall MA&A be indemnified or receive contribution or other payment under the indemnification provisions of the Engagement Letter if the Debtors,

their estates or the statutory committee of unsecured creditors assert a claim, to the extent that this Court determines by final order that such claim arose out of bad faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct on the party of MA&A; and it is further

6.   ORDERED that in the event that MA&A seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be annexed to MA&A's own interim and final fee applications, and such invoices and time records shall be subject to the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code without regard to whether such person has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

7.   ORDERED that the requirement set forth in LBR 9013-1(a) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Application or otherwise waived; and it is further

8.   ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #